LAW OFFICE OF ROBERT D. McCREANOR, P.L.L.C.
245 SAW MILL RIVER ROAD
SUITE 106
HAWTHORNE, NY 10532
(845) 202 1833
www.rdmclegal.com

February 21, 2024

Hon. Judith C. McCarthy
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:     *Jackson et al. v. ProAmpac LLC et al.,* 7:22-cv-03120-NSR-JCM

Dear Magistrate Judge McCarthy,

I, along with my co-counsel Kakalec Law PLLC, represent the Plaintiffs in the above referenced matter and write to respectfully request that the Court order Defendants to comply with their discovery obligations as specified below.

On November 29, 2023, Plaintiffs served Defendants with Plaintiffs' Second Request for Production of Documents, annexed hereto as Exhibit A. Request number 1 seeks "[a]ll time and pay records for individuals employed by Defendants in non-supervisory positions in the converting department at Defendants' Walden, NY facility during the claim period [defined as April 16, 2016 to present]."

On January 12, 2024, Defendants served Plaintiffs with their response, including objections, to this request; a copy of Defendants' response is attached hereto as Exhibit B. Counsel for both sides have met and conferred to see if they could resolve their disagreement about Request for Production number 1, but have not been able to reach a resolution of their dispute. Plaintiffs now seek Court intervention.

The instant case is a wage and hour case in which Plaintiffs allege, inter alia, that they and their similarly situated co-workers were not compensated for labor performed at the beginning and end of their shifts. Specifically, Plaintiffs allege they were not fully paid for the time from when they entered Defendants' manufacturing plant and began performing compensable labor to the start of their scheduled shift time and they were not fully paid at the end of their shifts, from when they left their workstations to when they ultimately exited the building after having performed required clean up tasks.

On September 25, 2023, Judge Roman granted, in part, Plaintiffs' motion for conditional certification of this case as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"). (ECF Dkt. 55). In so ruling, Judge Roman found that Plaintiffs had alleged facts and made a sufficient evidentiary showing to conclude that "they are similarly situated to the other current and former employees in the converting department at the Walden facility." *Id*. at p. 13. The Court then ordered Defendants to disclose to Plaintiffs the identity, contact information and dates of employment for all such individuals employed during the 3-year period immediately

preceding the filing of the Complaint. Defendants produced to Plaintiffs a list of 610 individuals (including the named Plaintiffs) along with the other required information and, pursuant to Judge Roman's Order, Plaintiffs' counsel sent written notices to all such potential opt-in Plaintiffs beginning on January 5, 2024. To date, 84 individuals, in addition to the three named Plaintiffs, have filed consent to sue forms in this case. The time period for individuals to opt into this case to bring FLSA claims concludes on March 5, 2024.

Plaintiffs anticipate that they will move for Rule 23 certification of their New York Labor Law ("NYLL") claims but seek, and are entitled to, discovery of certain limited information in Defendants' exclusive possession in anticipation of that motion. Request for Production #1 is addressed to this issue. To date, in response to Plaintiffs' first request for production of documents, Defendants have only disclosed time and pay records for the three named Plaintiffs and two initial opt-in Plaintiffs (both of whom filed their consents to sue prior to conditional certification).

"It is well established that plaintiffs may be entitled to discovery even though a class has not yet been certified." *Marin v. Apple-Metro, Inc.*, No. 12CV5274ENVCLP, 2023 WL 2060133, at *3 (E.D.N.Y. Feb. 8, 2023). Multiple courts in this jurisdiction have noted that "pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate in light of the requirements set out in Rule 23." *Pagan v. C.I. Lobster Corp.*, No. 20 CV 7349, 2021 WL 4239200, at *2 (S.D.N.Y. Sept. 17, 2021)

As the *Marin* court noted,

> to obtain pre-certification discovery concerning class issues, the plaintiff must show that such discovery would be relevant to her future motion for class certification." *Fulton v. City of New York*, 2023 WL 130826, at *2; *see also* Fed. R. Civ. P. 26(b)(1) (stating that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). "The discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet the Rule 23(a) requirements [of numerosity, commonality, typicality, and adequacy]; at the same time, the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas." *Rahman v. Smith & Wollensky Rest. Group, Inc.*, No. 06 CV 6198, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) (internal brackets omitted); *see also Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 298-308 (S.D.N.Y. Sept. 10, 2012) (granting plaintiffs' motion to compel computerized compensation, promotion, and performance evaluation data across four databases as relevant to issues of commonality).

*Marin*, 2023 WL 2060133, at *3. *See also Hegazy v. Halal Guys, Inc.*, No. 22 CIV. 1880 (JHR), 2023 WL 4405804, at *4 (S.D.N.Y. July 7, 2023) ("Courts frequently permit pre-certification discovery of similar compensation and hour documents on the basis that such materials are relevant to class certification of wage and hour claims.")

More specifically, the Courts have found that in hybrid FLSA/NYLL cases like this one, production of class-wide time and pay records subsequent to conditional certification and prior to Rule 23 class certification is appropriate. *See Marin v. Apple-Metro, Inc.* at *5 (collecting cases and noting that "in other wage and hours cases, courts have granted pre-class certification discovery of various payroll records similar to what has been requested here"); *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 467 (E.D.N.Y. 2014) (ordering Defendant-employer to produce complete time and payroll records for all former and current employees in positions covered by the Court's FLSA conditional certification order).

      Here, the discovery sought would squarely be relevant to Plaintiffs' Rule 23 motion. Defendants have conceded that for some portion of the 6-year claim period, they rounded Plaintiffs' time entries for payroll purposes. (ECF Dkt. 36, p.5). In Judge Roman's decision and order granting conditional certification, his Honor analyzed in detail Defendants' time and pay records for the three named Plaintiffs, noting that the Defendants' records confirmed Plaintiffs' position that they were not paid for "dozens of hours" of their labor and relying, in part, on these calculations and analysis to conclude that Plaintiffs had sufficiently demonstrated that they were subject to a common illegal payment policy. (ECF Dkt. 55 at p. 15). In determining Plaintiffs' anticipated motion for Rule 23 class certification, the Court will necessarily apply a "more rigorous analysis" that "will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 351, 131 S.Ct. 2541. "[I]n light of the Supreme Court's decision in [*Dukes*], class certification discovery necessarily entails some merits discovery." *Thompson v. Global Contact Servs., LLC*, 2021 WL 1103029, at *1, (E.D.N.Y. Feb. 16, 2021). Here, Plaintiffs' claim for unpaid wages turns, in significant part, on the rounding policy's effect over time on the putative class as a whole, rather than on the impact on a single plaintiff. *See Boone v. PrimeFlight Aviation Servs., Inc.*, 2018 WL 1189338, at *9 (E.D.N.Y. Feb. 20, 2018), *R&R adopted*, 2018 WL 1187402 (Mar. 7, 2018). To determine whether there is sufficient evidence of a common illegal pay practice, Plaintiffs, likely with the assistance of experts, and the Court will need to analyze time and pay records for the putative class. [1]

      Moreover, Plaintiffs' request here is not unduly burdensome, and it is proportional to the needs of the case. This is a wage and hour case and Defendants are required by statute to maintain time and pay records, and make them available upon governmental request, for a period of 6 years. NYLL §§ 161(4); 195(4), 661; 12 N.Y.C.R.R. § 142-2.6.; 29 U.S.C. § 211(c) and 29 C.F.R. § 516. The documents should therefore be readily accessible to Defendants.

      For all of these reasons, we ask that the Court order Defendants to produce time and pay records for all non-supervisory employees who worked for any period of time in the converting department of Defendants' Walden, New York plant between April 15, 2016 and the present.

      Respectfully submitted,

      /s/ Robert McCreanor

      Attorney for Plaintiffs

---

[1] We note that our review of the limited documents produced to date would seem to show a change in Defendants' pay practices in 2019, making a production of documents for the period before 2019 particularly necessary here. To understand what class definitions or sub-classes, if any, should be certified, Plaintiffs require further evidence of Defendants' pay practices in relation to non-supervisory converting department employees during this time period. Because the list of potential opt-in Plaintiffs only included individuals who worked during the three-year period preceding commencement of this action, any additional discovery which Plaintiffs may obtain in relation to opt-in Plaintiffs will likely yield little or no information about Defendants' pay practices during the earlier time period covered by Plaintiffs' NYLL claims.