UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌──────────────────────────────────────────┐
│ USDC SDNY                                  │
│ DOCUMENT                                   │
│ ELECTRONICALLY FILED                       │
│ DOC #: _____                    │
│ DATE FILED:  07/11/2024                     │
└──────────────────────────────────────────┘
```

NOEMY JACKSON, ROBERTO PEREZ,
and RAYMUNDO GALLARDO, on behalf
of themselves and all other similarly-situated
individuals,

                          Plaintiffs,

        -against-

PROAMPAC LLC a/k/a PROAMPAC; AMPAC
HOLDCO INC. a/k/a PROAMPAC; and AMPAC
PAPER, LLC,

                          Defendants.

7:22-CV-03120 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Noemy Jackson, Roberto Perez, and Raymundo Gallardo (collectively, "Plaintiffs") bring this motion seeking (1) reconsideration of this Court's decision, dated September 25, 2023 (the "Decision", ECF No. 55) to dismiss their claims under New York Labor Law § 195 (hereafter, "NYLL § 195" or "Section 195") for lack of standing, and, in the alternative, (2) leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ("Motion", ECF No. 56.) For the following reasons, the Court GRANTS in part and DENIES in part Plaintiffs' Motion.

## BACKGROUND

As relevant to the instant Motion, Defendants ProAmpac LLC, Ampac Holdco. Inc., and Ampac Paper, LLC (collectively, "Defendants") moved by motion dated August 22, 2022 to dismiss Plaintiffs' NYLL § 195 claims for lack of standing. (*See* ECF No. 28.) As part of their Section 195 claims, Plaintiffs alleged that Defendants' wage statements obscured Plaintiffs' actual hours worked and legal employer, which "denied [Plaintiffs] the opportunity to spend or invest their legally-owed wages," and "delayed [them] in acting on their legal right to recover stolen

wages." (Second Amended Complaint ("SAC"), ECF No. 51-1, ¶¶ 129–131.) Such harm, argued Plaintiffs, constituted a concrete injury in support of standing. The Court disagreed and found that the Plaintiffs had only alleged "the mere risk of future harm," which, "standing alone, cannot qualify as a concrete harm." (Decision at 9 (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210–11 (2021).) In particular, the Court noted that Plaintiffs failed to identify "downstream consequences from failing to receive the required information" from Defendants. (*Id.* (quoting *TransUnion*, 141 S. Ct. at 2214) (internal quotations omitted).) As a result, the Court dismissed Plaintiffs' Section 195 claims. (*See* Decision at 10.)

On October 10, 2023, Plaintiffs filed the instant Motion (ECF No. 56), as well as a memorandum of law ("Pltfs.' MoL", ECF No. 57) and reply ("Pltfs.' Reply", ECF No. 60) in support thereof. Defendants filed an opposition to the Motion.

## LEGAL STANDARD

I.   Motion for Reconsideration

Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, No. 05-CV-3430, 2006 WL 1423785, at *1 (2d Cir. 2006). Reconsideration is improper unless a movant can point to "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). A motion for reconsideration "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted).  Nor

is such a motion "an occasion for repeating old arguments previously rejected." *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at *2 (S.D.N.Y. Sept. 23, 2008) (internal quotation marks omitted).  Moreover, a motion for reconsideration "is not a substitute for appeal, nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision." *Ballast v. Workforce7 Inc.,* No. 20-CV-3812 (ER), 2024 WL 1530654, at *2–3 (S.D.N.Y. Apr. 8, 2024) (internal citations omitted). Finally, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

II.    Interlocutory Appeal Under 28 U.S.C. § 1292(b)

A court may certify an order for interlocutory appeal when it involves (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from which may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The moving party has the burden of establishing all three substantive criteria. *See Casey v. Long Island R.R.,* 406 F.3d 142, 146 (2d Cir. 2005); *see also German v. Fed. Home Loan Mortg. Corp.,* 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995) ("[T]he test for certifying an issue is a three part test. Each prong must be satisfied."). Even when the statutory conditions are met, "[d]istrict court judges have broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.,* 574 F. Supp. 2d 369, 370-71 (S.D.N.Y. 2008); *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.,* 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the court's authority to deny certification, even in situations where the three statutory elements are met, is "independent" and "unreviewable") (internal citation omitted). In addition, interlocutory appeals are strongly disfavored in federal practice. *In re Facebook, Inc.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y.

3

2010). For these reasons, § 1292(b) certification should be "rare," and reserved for "exceptional circumstances." *Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir. 1996); *In re Ambac,* 693 F. Supp. 2d at 282; *see also Lidle v. Cirrus Design Corp.*, No. 08-CV-1253 (BSJ) (HBP), 2010 WL 4345733, at *1 (S.D.N.Y. Oct. 29, 2010) ("[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law.... Only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

## DISCUSSION

I.     <u>Reconsideration of Plaintiffs' Section 195 Claims</u>

Plaintiffs argue that the Court overlooked the ways in which Defendants' legally deficient notices deprived them of the "time value of money," such as "the opportunity to spend their wages on necessary expenses, including household expenses, food, housing, utilities, and other items, to save their wages in interest-bearing accounts, to support their families both within and outside of the United States" and "otherwise invest their wages in other ways that could generate additional earnings to support their families." (Pltfs.' MoL at 3-4 (citing SAC ¶ 67) (emphases omitted).)  As an initial matter, the Court previously considered the Plaintiffs' time value theory of injury. (*See* Decision at 7 (noting that Plaintiffs allege that they "were denied the opportunity to spend or invest their legally-owed wages") (quoting SAC ¶ 129).) It ultimately found, relying on Supreme Court and other Second Circuit precedent, however, that Plaintiffs' allegations regarding the time value of money nevertheless failed to plausibly allege an injury-in-fact. (*See id.* at 8-9.) Plaintiffs' assertion that the Court overlooked critical factual allegations in the SAC is therefore incorrect. ¨Plaintiffs instead seem to be arguing about the result that this Court reached after it considered all of the facts alleged. This type of reargument cannot constitute the basis for reconsideration." *See*

4

*In re CRM Holdings, Ltd. Sec. Litig.,* No. 10 CIV 00975 RPP, 2013 WL 787970, at *5 (S.D.N.Y. Mar. 4, 2013).

To persuade the Court to reconsider its prior decision, Plaintiffs point to numerous in-Circuit district court rulings which either recognized the time value theory of injury or found standing on a Section 195 claim even absent allegations of a downstream injuries. (*See* Pltfs.' MoL at 5-7.)  These rulings do not warrant reconsideration of the Court's Decision. First, all of the rulings upon which Plaintiffs rely are persuasive, not controlling, authority. Persuasive authority is not a basis for reconsideration. *See Premium Sports Inc. v. Connell,* 10 CIV. 3753 KBF, 2012 WL 2878085, at *2 (S.D.N.Y. July 11, 2012) ("Plaintiff does not cite caselaw from this Circuit ... and thus, there are no controlling decisions before this Court that counsel in favor of reconsideration.") (citation omitted); *United States v. Pena Ontiveros*, No. 07 CR. 804 (RJS), 2008 WL 2446824, at *5 (S.D.N.Y. June 16, 2008) ("merely persuasive authority…does not meet the standard for a motion for reconsideration."). The fact that such authority was issued after the Court's Decision does not alter this conclusion. *See Grecia v. Bank of New York Mellon Corp.,* No. 19-CV-2810 (VEC), 2020 WL 1974192, at *1 (S.D.N.Y. Apr. 24, 2020) (holding that a ruling entered after a court's decision is "persuasive authority that [p]laintiff would have been able to rely upon had it been decided earlier; but it does not rise anywhere near to a change in controlling law"), *aff'd sub nom. Grecia v. Samsung Elecs. Am., Inc.,* 833 F. App'x 339 (Fed. Cir. 2021)*.*

Second, the issue on which Plaintiffs seek reconsideration – namely, when a plaintiff has standing to bring a Section 195 claim – is an open question within the Second Circuit. *See Lipstein v. 20X Hosp. LLC*, No. 22CV04812JLRJW, 2023 WL 6124048, at *8 (S.D.N.Y. Sept. 19, 2023). While Plaintiffs highlight several district courts that have found standing based on the time value of money or even absent allegations of downstream injuries, many courts have not. *See Gao v.*

*Savour Sichuan Inc.,* No. 19 CIV. 2515 (JPC), 2024 WL 664718, at *24 (S.D.N.Y. Feb. 16, 2024) (collecting cases). In considering this contested issue, this Court joined other courts in this Circuit that have refused to find standing where the only downstream consequences pled are hypothetical and attenuated, as are those alleged by the Plaintiffs here. That still other courts in this Circuit disagree with this Court is no matter because "[a] simple difference of opinion, no matter how deep it runs, will not warrant reconsideration." *United States v. Gross*, No. 98 CR 0159 SJ, 2002 WL 32096592, at *5 (E.D.N.Y. Dec. 5, 2002) (internal citation omitted); *see also Fogel v. Chestnutt,* 668 F.2d 100, 109 (2d Cir. 1981) ("[t]he law of the case will be disregarded only when the court has 'a *clear* conviction of error' with respect to a point of law on which its previous decision was predicated") (quoting *Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir. 1964)) (emphasis added).

Upon review, Plaintiffs' arguments "seem better characterized as an attempt to reargue how this Court applied Supreme Court and Second Circuit case law and not as an effort to show that this Court actually overlooked any controlling authority." *See In re CRM Holdings*, 2013 WL 787970, at *4; *see also Locke v. Tom James Co.,* No. 11 CIV. 2961 GBD, 2014 WL 572574, at *2 (S.D.N.Y. Feb. 11, 2014) ("Plaintiff's contentions demonstrate that Plaintiff simply disagrees with the Court's application of this authority, not that the Court overlooked it."). For example, Plaintiffs attempt to distinguish *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022), a case relied on in the Court's Decision. (*See* Pltfs.' Reply at 4.) But the Court maintains the applicability of *Harty* to Plaintiffs' Section 195 claims. In *Harty*, the Second Circuit held that a plaintiff's allegations that the lack of information related to disability accommodations on a hotel website deprived him of the ability "to make meaningful choices for travel." 28 F.4th at 444. The Second Circuit concluded that this did not amount to an informational injury that could support Article III

6

standing. *Id.* Plaintiffs' allegations here are similar in that they assert that they would have made different choices—regarding how to spend, save, and invest their wages—had they received accurate wage statements. But, as previously explained in the Decision, this alleged informational injury, without more, is not enough to confer standing under Article III. The Plaintiffs may see the issue differently, but a point of disagreement between the Court and the litigant is not an error of law – "rather, it defines the very reason the federal courts have an appellate process." *See Gross*, 2002 WL 32096592, at *5.

In sum, Plaintiffs fail to convince the Court that, barring a reversal, the Court's prior Decision would result in a "clear error," or perpetuate some "manifest injustice." Accordingly, the Decision stands, and the Plaintiffs' Motion is denied.

II.     <u>Certification for Interlocutory Appeal</u>

Plaintiffs additionally ask the Court to certify for interlocutory appeal the question of when an employee has standing to bring a Section 195 claim.

With respect to the first prong of the test for an interlocutory appeal under Section 1292(b), "the question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (internal quotation marks and citations omitted). The question must also be "controlling," meaning that reversal of the district court's order "would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome." *In re Enron Corp.,* No. 06 Civ. 7828(SAS), 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007). The Court finds that the question of when an employee has standing to bring a Section 195 claim presents a controlling question of law. Because the issue turns almost exclusively on a question of statutory interpretation, "the reviewing court could

decide [it] quickly and cleanly without having to study the record." *Consub,* 476 F.Supp.2d at 309. Moreover, its resolution "would materially affect the litigation's outcome." *In re Enron,* 2007 WL 2780394, at *1. If the Second Circuit agrees that Plaintiffs have standing on their Section 195 claims, Plaintiffs can pursue those claims on behalf of themselves and, if class certification is granted, on behalf of the class, at the same time that collective claims and other potential NYLL class claims go forward. As a result, the first factor is satisfied.

The second prong of the test, that there exists a substantial ground for difference of opinion, is met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Id.* "The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor,* 79 F.3d 281, 284 (2d Cir. 1996). Rather, the district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* (emphasis in original) (citation omitted). Although the Court remains of the view that standing under Section 195 requires a showing of concrete downstream consequences, the Court recognizes that there exists a substantial ground for difference of opinion on this issue. *Compare Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19-cv-10104 (ER) (KHP), 2023 WL 2674743, at *6-7 (S.D.N.Y. Mar. 29, 2023) (finding standing to bring NYLL § 195 claim after *TransUnion*), *Bueno v. Buzinover*, No. 22-cv-02216 (PAE) (KHP), 2023 WL 2387113, at *3 (S.D.N.Y. Mar. 7, 2023) (same), *Mateer v. Peloton Interactive, Inc.*, 22-cv-00740 (LGS), 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022) (same), *and Thompson v. Elev8 Ctr. N.Y.*, No. 20-cv-09581 (PGG) (JLC), 2023 WL 4556045, at *8-9 (S.D.N.Y. July 17, 2023) (same), *with Munoz v. Grp. US Mgmt.*, No. 22-cv-04038 (MKV), 2023 WL 5390204, at *6 (S.D.N.Y. Aug. 22, 2023) (finding no standing to

bring NYLL § 195 claim after *TransUnion*), *Lucero v. Shaker Contractors, Corp.*, No. 21-cv-08675 (LGS), 2023 WL 4936225, at *3 (S.D.N.Y. July 27, 2023) (same), *Ramirez v. Urion Constr. LLC*, —— F. Supp. 3d ——, 2023 WL 3570639, at *8-9 (S.D.N.Y. May 19, 2023) (same), *Neor v. Acacia Network, Inc.*, No. 22-cv-04814 (ER), 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023) (same), *Pinzon v. 467 Star Deli*, No. 22-cv-06864 (JGK) (SLC), 2023 WL 5337617, at *11 (S.D.N.Y July 31, 2023) (same), *report and recommendation adopted*, 2023 WL 5334757 (S.D.N.Y. Aug. 18, 2023), *Reyes v. Coppola's Tuscan Grill, LLC*, No. 21-cv-07040 (AT) (SN), 2023 WL 4303943, at *6 (S.D.N.Y. June 13, 2023) (same), *report and recommendation adopted*, 2023 WL 4304676 (S.D.N.Y. June 30, 2023), *Kuan v. Notoriety Grp. LLC*, No. 22-cv-01583 (JLR) (KHP), 2023 WL 3937317, at *9-10 (S.D.N.Y May 22, 2023) (same), *report and recommendation adopted*, 2023 WL 3936749 (S.D.N.Y. June 9, 2023), *Gao v. Umi Sushi*, No. 18-cv-06439 (ALC) (SN), 2023 WL 2118203, at *7 (S.D.N.Y. Jan. 31, 2023) (same), *report and recommendation adopted*, 2023 WL 2118080 (S.D.N.Y. Feb. 17, 2023), *Hernandez v. 99 Thai Playground*, No. 19-cv-01257 (ALC) (SN), 2022 WL 18539303, at *7 (S.D.N.Y. Nov. 28, 2022) (same), *report and recommendation adopted*, 2023 WL 1400626 (S.D.N.Y. Jan. 31, 2023), *and Pastrana v. Mr. Taco LLC*, No. 18-cv-09374 (GBD) (SN), 2022 WL 16857111, at *7 (S.D.N.Y. Sept. 23, 2022) (same), *report and recommendation adopted*, 2022 WL 16857107 (S.D.N.Y. Nov. 10, 2022). Accordingly, the second factor is satisfied.

Finally, courts "place particular weight" on the third factor: whether an immediate appeal will materially advance the ultimate termination of the litigation. *Transp. Workers Union of Am. v. N.Y.C. Transit Auth.,* 358 F.Supp.2d 347, 350 (S.D.N.Y. 2005). This requirement, which in practice is "closely connected" to the first factor, *In re 650 Fifth Ave.,* No. 08 Civ. 10934(RJH), 2012 WL 363118, at *2 (S.D.N.Y. Feb. 2, 2012), is met when an intermediate appeal "promises

to advance the time for trial or to shorten the time required for trial," *Transp. Workers Union,* 358 F.Supp.2d at 350. The Court finds that an intermediate appeal will materially advance the ultimate termination of this litigation. Should the Second Circuit conclude that standing under Section 195 requires a showing of concrete downstream consequences, all of Plaintiffs' Section 195 claims would be dismissed. A definitive answer as to what is required for standing may therefore save the Court and parties "vast amounts of expense and time." *Am. Geophysical Union,* 802 F.Supp. at 29. The third factor is thus satisfied.

The Court therefore certifies for interlocutory appeal the question of when an employee has standing to bring a Section 195 claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' motion for reconsideration or, alternatively, for certification of a question for interlocutory appeal. Plaintiffs' Motion is DENIED with respect to Plaintiffs' request that the Court reconsider its decision dated September 25, 2023 (ECF No. 55). Plaintiffs' Motion is GRANTED insofar as Plaintiffs seek certification for interlocutory appeal the question of when an employee has standing to bring a Section 195 claim.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 56.

SO ORDERED.

Dated:   July 11, 2024
         White Plains, New York

_____
        NELSON S. ROMÁN
     United States District Judge