UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOEMY JACKSON, ROBERTO PEREZ, and RAYMUNDO GALLARDO, on behalf of themselves and all other similarly-situated individuals,<br><br>         *Plaintiffs*,<br><br>        v.<br><br>ProAmpac LLC a/k/a ProAmpac, Ampac Holdco Inc. a/k/a ProAmpac, and Ampac Paper, LLC,<br><br>         *Defendants*. | Civ. No.: 22-CV-3120 (NSR)(JCM) |

**DECLARATION OF ROBERT MCCREANOR IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, APPROVAL OF PROPOSED NOTICE OF SETTLEMENT AND RELATED RELIEF**

  I, Robert McCreanor, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney admitted to practice in the State of New York and before this Court.

2. I represent the Plaintiffs in this matter and I am fully familiar with the facts and issues addressed herein.

3. I make this declaration in support of Plaintiffs' Motion for Preliminary Approval of the Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement.

**THE SETTLEMENT AGREEMENT**

4. This case involves wage and hour claims affecting approximately 744 plant workers over a period of more than six years.

5. On June 25 and June 27, 2025 the parties executed the Settlement Agreement attached here as Exhibit 1.

6. The Settlement Agreement creates a fund of $1,200,000 to settle this action and resolve the claims of the Named Plaintiffs and all Opt-In Plaintiffs, as well as the claims of all Class Members who do not "opt out" of the settlement.

7. The list of Class Members, as agreed upon by the parties, is attached to the Settlement Agreement as Exhibit D.

8. Under the Settlement Agreement, Class Members will be notified that Class Counsel is permitted to seek an award of fees of up to $393,333, plus actual costs incurred in the litigation up to $20,000. The Settlement Agreement is not contingent on the amount of attorneys' fees and costs ultimately awarded by the Court.

9. The Settlement Agreement also provides that the three (3) Class Representatives (the Named Plaintiffs) will apply for service awards of up to $10,000 and the seven (7) Fair Labor Standards Act ("FLSA") opt-in Plaintiffs who participated in individualized discovery (including depositions) will apply for service awards of up to $3,000. These service awards are appropriate because the result obtained here would not have been possible without the considerable time and effort of the Class Representatives and these selected FLSA opt-in Plaintiffs.

10. The Settlement Agreement provides that copies of the Settlement Notice and Claim form, including copies translated into Spanish, will be distributed to all Class Members.

11. The Settlement Agreement provides that only Class Members who did not previously opt into this action or who were not employed by Defendant as of April 29, 2025 are required to submit claim forms in order to receive compensation pursuant to this settlement. All other Class Members will automatically receive the compensation to which they are entitled under the Settlement Agreement.

12. The Settlement Agreement provides for a minimum payment of $50 to each individual Class Member. This minimum payment will assure that individual Class Members who worked only a short time will receive an amount sufficient to justify a release of their FLSA and New York Labor Law ("NYLL") claims.

13. Defense counsel has represented that ProAmpac LLC and Ampac Holdco Inc. are not entities which employ workers at the Walden plant.

**FAIRNESS OF THE SETTLEMENT PROCESS AND RESULT**

14. Shortly after commencement of this action, the parties exchanged formal discovery requests. Among other things, Plaintiffs conducted an in-person inspection of the Walden plant and reviewed time and pay records produced by Defendants for all potential opt-in Plaintiffs *and* all putative Rule 23 class members for the six-year period prior to commencement of this action.

15. The parties also engaged in substantial electronically stored information (ESI) discovery. Plaintiffs' counsel personally interviewed and collected evidence from scores of Defendants' current and former employees, including former managerial staff.

16. The parties conducted a total of 17 depositions, including those of the Plaintiffs, 7 opt-in

Plaintiffs, 5 current supervisors and/or managers of Defendants' plant, and two third-party depositions of Defendants' former managers.

17. Settlement discussions began in earnest at a private mediation session conducted on October 7, 2024. This first attempt to resolve the case was unsuccessful, although the parties did make progress toward a resolution. At a subsequent mediation, conducted on April 29, 2024, after the completion of depositions, the parties reached a settlement in principle. The parties then began the process of drafting and negotiating over the formal terms of a settlement agreement.

18. Plaintiffs' counsel are experienced in class representation of low-wage and immigrant workers. Defendants' counsel are experienced management-side attorneys, and both counsel have thoroughly reviewed the relevant hours and pay data for each individual class member, made an assessment of the litigation risks to determine the rational settlement value of this case, and, through the adversarial system and with the facilitation of two neutral third-party mediators, reached an agreement that meets all substantive and procedural requirements for presentation to the class.

19. While Plaintiffs believe that their claims are meritorious and class-wide damages provable, Class Counsel understand that the resolution of these issues is inherently uncertain in terms of outcome and duration.

20. Although the exact amount to be received by Participating Class Members under the settlement agreement depends upon the number of claim forms submitted by Putative Class Members, all Participating Class Members will receive *at least* nearly 100% of what Plaintiffs' Counsel determined to be their owed wages based upon a review of Defendant's time and pay records. Plaintiffs' Counsel expects that more realistically

most Participating Class Members will receive more than 100% of what Plaintiffs' Counsel determined to be their owed wages based upon a review of Defendant's time and pay records.

21. The parties have already undertaken considerable time and expense in evaluating the claims and defenses in this case and engaging in vigorous settlement discussions. Further litigation without settlement would necessarily result in additional expense and delay.

22. If the parties had not reached a settlement, Plaintiffs would next move for Rule 23 class certification which Defendants would likely oppose in whole or in part. It would likely take many months for this motion to be determined. This delay could be exacerbated by Plaintiffs' pending motion for reconsideration of the Court's dismissal of their NYLL wage statement claims.

23. Although Notice of the Settlement has not yet been issued to the Class, based upon communication with the Named Plaintiffs and several opt-in Plaintiffs, Class Counsel is confident that the reaction of the Class to the settlement will be positive. The proposed Class Representatives participated directly in the mediation and are satisfied with the Settlement in light of the risks of proceeding with the litigation. Together with Class Counsel, the Class Representatives believe this Settlement is best for the Class as a whole.

24. No Class Representative in this case has any interest that is antagonistic or at odds with Class Members. The Class Representatives have persistently maintained active engagement with this litigation from prior to commencement of the action, through substantial discovery and including vigorous participation in a mediation session to resolve the claims on a class-wide basis.

25. Plaintiffs' attorneys have done substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class Members' claims**;** they have experience prosecuting and settling employment wage and hour collective and class actions; and they are well-qualified to represent the interests of the class.

26. Plaintiffs' Counsel contends that the service awards sought here are appropriate because these the Named Plaintiffs have served the class very well. They brought this litigation and put their names on a public filing against their current or former employer. They provided the facts and information necessary to bring this action and obtain conditional certification. The Named Plaintiffs responded to numerous discovery requests from Defendants, requiring the production of documents and sworn interrogatory responses. All of the Named Plaintiffs and Designated Opt-in Plaintiffs were deposed.  Two of the Named Plaintiffs were present at the first mediation and all Named Plaintiffs played a critical role in ultimately reaching this settlement. They undertook special risks and conferred an excellent benefit by undertaking this litigation, not just for themselves, but also on behalf of the class.

**ADEQUACY OF COUNSEL'S REPRESENTATION**

27. Plaintiffs' counsel have significant experience litigating collective and class action cases on behalf of workers, including low-wage and immigrant workers.  Moreover, the individual attorneys handling this case have demonstrated their skill handling such matters in the course of this litigation.

28. I am a 2002 graduate of the Harvard Law School and have been actively practicing law for more than 20 years.  I served by appointment of Robert Morgenthau as an Assistant District Attorney for three years in a trial bureau of the New York County District

Attorney's office during which time I prosecuted hundreds of misdemeanor and felony cases including more than 15 of which were tried to verdict before juries and in which I served as lead or sole trial counsel, and others which concluded through bench trials.  I was subsequently employed for approximately two years as a litigation associate at the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP where I primarily represented individual and corporate clients in commercial litigation matters. For nearly 15 years, I worked in various non-profit, public interest legal services organizations including Catholic Migration Services, Rhode Island Center for Justice, Hudson Valley Justice Center and Worker Justice Center of New York. In these roles, I frequently represented large groups of low-income individuals in both employment, housing and consumer law matters.  Examples of cases in which I have served as Court appointed Class Counsel and/or counsel for a FLSA collective group include: *Reyes et al. v. East Coast Lot & Pavement Corp. et al. (*DRI 1:16-cv-00592), *Barragan Contreras et al. v. Rosann Landscape Corp. et al.* (SDNY 7:17-cv-06453-CS), *Cardenas et. al. v. A.J. Piedimonte Agricultural Development, LLC. et. al.,* (WDNY 1:18-cv-881), *Diaz Reyes et al. v. W.D. Henry & Sons et al.* (WDNY 1:18-cv-01017) and *Corea et al. v. Café Spice et al.* (SDNY 7:18-cv-10354-KMK).

29. Patricia Kakalec has more than 25 years of experience litigating employment and labor law cases.  She has been the Bureau Chief, Deputy Bureau Chief, and Special Counsel of the New York State Attorney General's Labor Bureau; she represented migrant farmworkers throughout New York state with Farmworker Legal Services of New York, Inc.; and she was the Executive Director of the Workers' Rights Law Center of New York, Inc.  Patricia is *cum laude* graduate of Harvard Law School and served as a law

clerk to the Hon. Denis R. Hurley in the United States District Court for the Eastern District of New York. She was also a litigation associate with the former firm LeBoeuf, Lamb, Greene & MacRae, LLP. Patricia has been appointed as class counsel in multiple class actions, in federal courts throughout the United States and in New York state court.

30. Annexed hereto as Exhibit 2 is the parties' proposed Preliminary Approval Order.

Dated: Hawthorne, NY
June 27, 2025

/s/ Robert McCreanor
Robert McCreanor