UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEMY JACKSON, ROBERTO PEREZ, and RAYMUNDO GALLARDO, on behalf of themselves and all other similarly-situated individuals,

          *Plaintiffs*,

          v.

Ampac Paper, LLC,

          *Defendant*.

Civ. No.: 22-CV-3120 (NSR)(JCM)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL CLASS AND COLLECTIVE CERTIFICATION AND FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

Respectfully Submitted,

by

Robert McCreanor
Law Office of Robert D. McCreanor, P.L.L.C.
and
Patricia Kakalec
Kakalec Law PLLC

*Counsel for Plaintiffs*

**Table of Contents**

Preliminary Statement .......................................................................................................... 1

Background ......................................................................................................................... 2

Key Settlement Provisions .................................................................................................. 4

      A.      Settlement Amount and Allocation ........................................................ 4

      B.      Releases .................................................................................................. 6

ARGUMENT ...................................................................................................................... 7

      I.      The Court Should Finally Certify a Rule 23 Class and FLSA Collective Here. ............... 7

      II.      The Court Should Finally Approve the Class Settlement. ................................................. 8

            A.      Final approval standard .......................................................................... 8

      III.      The Court Should Also Approve Settlement of the Opt-in Plaintiffs' FLSA Claims ................................................................................................................ 10

Conclusion ........................................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**

*Cancilla v. Ecolab, Inc.*, 2015 U.S. Dist. LEXIS 106249, at *5 (N.D. Cal. Aug. 12, 2015) .................................................................................................................. 10

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ....................................... 8

*In re Citigroup Inc. Sec. Litig.*, No. 09 MD 2070 (SHS), 2014 WL 2112136, at *2-3 (S.D.N.Y. May 20, 2014) ............................................................................... 8

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*, No. 12-2389, 2015 WL 6971424, at *3 (S.D.N.Y. Nov. 9, 2015), aff'd, 674 F. App'x. 37 (2d Cir. 2016) ..................... 8

*In re Warner Chilcott Ltd. Sec. Litig.*, No. 06-cv-11515, 2009 WL 2025160, at *2 (S.D.N.Y. July 10, 2009) .................................................................................... 9

*Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982) ................................. 10

*Massiah v. MetroPlus Health Plan, Inc.*, No. 11–cv–05669 (BMC), 2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) ....................................................................... 8

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) ................. 8

*Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332 (S.D.N.Y. 2012) ............................... 10

**Preliminary Statement**

Plaintiffs Noemy Jackson, Roberto Perez, and Raymundo Gallardo (the "Named Plaintiffs") filed the instant case as a putative class action in 2022, raising claims related their pay at Defendant's paper processing plant in Orange County, New York. After motion practice, extensive discovery, numerous depositions, and two mediations, Plaintiffs and Defendant Ampac Paper, LLC ("Ampac") reached a settlement which would resolve all claims in this case. By Opinion & Order dated August 13, 2025, the Court granted preliminary approval of the parties' class settlement, preliminarily determining that the amount of the class settlement was "well within the range of reasonableness." ECF No. 132 (the "Order") at 18. The Court also preliminarily approved the settlement of opt-in Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), appointed the Named Plaintiffs as class representatives, appointed Plaintiffs' counsel as class counsel, preliminarily certified the class, and approved notice to potential class and collective members.

In accordance with the Court's direction and as attested by the sworn declaration of Claims Administrator Anthony Gomez, notice was sent by various methods – mail, email, and text. Of the 742 individuals to whom notices were sent, only one person has opted out of the class. November 4, 2025 Decl. of Patricia Kakalec ("Kakalec Decl."), Ex. 2 (October 28, 2025 Decl. of Anthony Gomez) (hereinafter "Gomez Decl.") ¶ 18. To date, no objections to the class settlement have been filed. Gomez Decl., ¶ 19; Kakalec Decl. ¶ 18.

Given the Court's preliminary determination as to the fairness of the class settlement, the Court's preliminary class certification, the absence of objections, and the positive response of the class as evidenced by the single opt out, this case is now ripe for final certification and approval.

1

Plaintiffs – with the consent of Defendant – therefore ask the Court to grant final certification and final approval of the settlement.[1]

## Background

In the Collective and Class Action Complaint the Named Plaintiffs filed on April 15, 2022, they alleged that, when they were employed as hourly paid manual laborers in the converting department of Defendant's Walden, New York paper processing plant, they and other workers suffered wage and hour violations under state and federal law.  ECF No. 1.

The procedural history of this case is set forth at length in Plaintiffs' motion for preliminary approval, ECF Nos. 126 – 28, and is not repeated here.  As is relevant on this motion for final approval, on September 23, 2023, the Court granted Plaintiffs' motion for conditional certification of their FLSA claims.  ECF No. 55.  After notice approved by the Court, 112 individuals opted in to bring FLSA claims in this case.  The parties then engaged in extensive discovery, including a site inspection, document requests including request for electronically-stored information, interrogatories, and multiple depositions.

In an attempt to settle the claims in this case, the parties engaged in a private mediation session on October 7, 2024, but were unable to reach an agreement.  Thereafter, April 29, 2025, on the completion of depositions, the parties held a second mediation.  Kakalec Decl., ¶ 8.  At the second mediation, the parties reached a settlement in principle, which was formalized into a settlement agreement (the "Settlement Agreement") submitted with the Plaintiffs' June 27, 2025 unopposed motion for preliminary approval to this Court.

---

[1] Concurrent with this motion, Plaintiffs are filing a motion for attorneys' fees, costs, and approval of service awards.

By Order dated August 13, 2025, ECF No. 132, the Court granted Plaintiffs' motion for preliminary approval and certification. In the Order, the Court preliminarily granted class certification, appointed class representatives and Class Counsel, approved the proposed Notice of Class Action Settlement and authorized the distribution of the Notice. The Court also preliminarily found that the proposed settlement was fair and reasonable, and scheduled a Final Fairness Hearing for November 14, 2025.

After the Court's decision on preliminary approval, Plaintiffs' counsel provided the Claims Administrator Optime Administration, LLC with copies of the Notice and opt-in forms approved by the Court. Gomez Decl. ¶ 13. Among other things, the Notice advised Class Members of their right to opt out of the Settlement, object to the Settlement, speak at the Final Fairness Hearing, or do nothing, and the implications of each such action or inaction. *Id.*, Ex. 1. The Notice also advised Class Members of applicable deadlines and other events, including the Final Fairness Hearing, and how Class Members could obtain additional information. *Id.*

As set forth in the affidavit of Anthony Gomez from Optime, Optime then sent the notice by mail (in English and Spanish), email, and text message. Gomez Decl., ¶¶ 10-12. Optime also created a website with information about the settlement. *Id.* ¶ 9. Mr. Gomez reports that 695 of 742 notice mailings were successfully delivered, 638 of the 708 email notices were successfully delivered, and 272 of the 347 text notices were successfully delivered. *Id.* ¶ 13-15. Significantly, every Class Member received at least one form of notice. *Id.* ¶ 16.[2]

---

[2] One former employee of Defendant, Mark S. Brown, who was initially covered by the parties' settlement agreement could not be notified of this matter in any manner because Defendant could not find any contact information for this individual. Therefore, the parties have agreed that this individual shall not be covered by the Settlement Agreement and is not waiving any claims. Mr. Brown worked for Defendant for only a few months and Plaintiff's counsel had calculated his owed wages at $0.

3

As provided for in the Settlement Agreement, 169 Class Members (the "Opt In and Active Plaintiffs," made up of both workers who opted into the case to pursue FLSA claims and workers who were actively employed as converting department employees of Defendant on April 29, 2025) are automatically entitled to receive a settlement payment without submitting a claim form. Plaintiffs' counsel has received communication from many of these individuals and their response to the Settlement Agreement has been uniformly positive.

From the 573 settlement Class Members who were required to submit a claim form in order to receive a settlement payment, a total of 109 completed Claims Forms have been received by the Claims Administrator. Gomez Decl., ¶¶ 18-19. Only one person has opted out, and no objections to the settlement have been filed to date. Gomez Decl. ¶¶ 18-19; Kakalec Decl. ¶ 18. Class Counsel received telephone calls from these Class Members and answered their questions about their claims and concerns; Class Counsel were told by various Class Members that they were pleased with the settlement. Kakalec Decl. ¶ 17.

## Key Settlement Provisions

The parties' Settlement Agreement is summarized at length in Plaintiffs' Memorandum of Law in support of their motion for preliminary approval, ECF No. 127 at 4-10. For the purpose of the instant motion, Plaintiffs highlight the following provisions:

### A. Settlement Amount and Allocation

The Settlement Agreement creates a fund (hereinafter the "fund") of $1,200,000 ("Settlement Amount") to settle this action. Kakalec Decl., Ex. 1 ("Settlement Agreement" or "S.A.") at § 3.1(a). From the Settlement Amount, costs, service payments, and attorneys' fees are to be deducted, with the net settlement fund to be distributed to the Participating Class Members.

4

The Settlement Agreement requires that all Rule 23 Class Members, except those who have filed a FLSA Consent to Sue form in this action and those who were employed by Defendant as of April 29, 2025, to submit to the Claims Administrator a completed Claim Form in order to become a Participating Class Member and receive payment of settlement funds.  S.A. § 2.10(E).  This meant that 112 workers who opted into this action under the FLSA and 57 workers who were current employees – amounting to approximately 23% of the total possible class members – did not have to take action to recover under the settlement.

The settlement funds will be allocated as follows:

- The Named Plaintiffs, Opt-In Plaintiffs and Active Class Members who are automatically entitled to receive settlement payments without submission of a claim form will each be allocated a percentage of the $255,000 "Opt In and Active Plaintiff Fund" proportional to their respective damages as calculated by Plaintiffs' counsel based upon Defendant's time and pay records.

- Putative Class Members who timely submitted claims forms will each be allocated an amount equal to their respective damages as calculated by Plaintiffs' counsel based upon Defendant's time and pay records.  The total amount of these allocations equals $92,076.61.

- After the above allocations, and accounting for payment of Plaintiffs' counsel's fees and costs, the costs of Claims Administration and service payments to those Plaintiffs who were subjected to individualized discovery, Defendant's total payment shall equal $833,796.50, thereby triggering an obligation to pay an additional $91,203.50.   This additional amount will be distributed to Participating

Class Members on a pro rata basis with the shares allocated to the Named and Opt-In Plaintiffs being weighted at 1.5 times their regular pro rata amount.

All Participating Class Members will receive at least $50, thereby assuring that individual Class Members who worked at Defendants' plant for only a short time will receive an amount sufficient to justify a release of their FLSA and NYLL claims. S.A. § 3.4. Any unclaimed funds, beyond the minimum required payment of $925,000, after the payout period will revert to Defendants. S.A. § 3.1(B).

The payment amounts to be received by each Participating Class Member are set forth in the spreadsheet annexed to the Declaration of Patricia Kakalec as Exhibit 3. The amounts range from $50 to as much as $12,776.17. Kakalec Decl., Ex. 3.

### B. Releases

The Settlement Agreement provides that, upon Final Approval of the Settlement, class members who do not opt out fully release Defendant and all of the ProAmpac Releasees (as defined in the Settlement Agreement at ¶ 1.9) from all wage and hour claims asserted under state and local law. S.A. § 4.1. Those workers who opted into the case with FLSA claims also release Defendant and all of the ProAmpac Releasees from all FLSA claims asserted in the Litigation. *Id*. The Class Representatives and opt-in Plaintiffs who participated in depositions – for whom service awards are sought – will release claims arising from the Class Representative's and selected Opt-In Plaintiffs' employment with Defendant as described in the Settlement Agreement. S.A. § 4.1(c).

# ARGUMENT

## I. The Court Should Finally Certify a Rule 23 Class and FLSA Collective Here.

In their motion for preliminary certification, Plaintiffs sought to certify a Rule 23 class of "all individuals who were employed by ProAmpac at any point as non-exempt, hourly converting department employees at its manufacturing facility located in Walden, New York from April 15, 2016 through July 31, 2024." (hereinafter the "Rule 23 class") ECF No. 127 at 17; S.A. § 1.27. In the Court's corresponding Opinion, the Court found that "[a]fter considering Rule 23(e) and the corresponding *Grinnell* factors….they all favor preliminary approval of the Agreement." ECF No. 133 ("Order") at 12. The Court highlighted the evident arm's length negotiations preceding the Settlement Agreement; the relative benefits of settlement over continued, protracted litigation; the equitableness of the proposed settlement funds distribution; Named Plaintiffs' engagement with this litigation, Plaintiffs' counsel's professional experience and efforts to date in this litigation; and the reasonable of Plaintiffs' counsel's proposed fees and the service awards to certain Named and Opt In Plaintiffs. Order at 12-18.

As noted above, the Court had previously conditionally certified the FLSA collective in this case. ECF No. 55 (conditionally certifying a FLSA collective action on September 25, 2023).

Having preliminarily certified both the Rule 23 Class and the FLSA collective for settlement purposes, the Court should now grant final certification of both the Rule 23 class for state claims and the FLSA collective. The same reasons that supported preliminary certification support final certification here.

**II.     The Court Should Finally Approve the Class Settlement.**

    **A.  Final approval standard**

The factors for approval of a class action settlement are set forth in Fed. R. Civ. P. 23(e)(2).  Pursuant to Rule 23(e), final approval is warranted where:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In considering the final approval of a class settlement, courts examine both the negotiating process leading to the settlement and the settlement's substantive terms. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005)*; *In re Citigroup Inc. Sec. Litig.*, No. 09 MD 2070 (SHS), 2014 WL 2112136, at *2-3 (S.D.N.Y. May 20, 2014).  Courts examine procedural and substantive fairness in light of the "strong judicial policy favoring settlements" of class action suits.  *WalMart Stores,* 96 F.3d at 116. "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery." *Id.* (quotations omitted).  In addition, a settlement is entitled to a "presumption of fairness, adequacy, and reasonableness" when "reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116; *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, No. 12-2389, 2015 WL 6971424, at *3 (S.D.N.Y. Nov. 9, 2015), aff'd, 674 F. App'x. 37 (2d Cir. 2016)

As addressed in Plaintiffs' motion for preliminary approval, in evaluating a class action settlement, courts in the Second Circuit generally consider, in addition to the factors set forth in Rule 23(e), the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *2 (E.D.N.Y. Nov. 20, 2012). As the Court found in the preliminary approval order, both Rule 23(e) and *Grinnell* factors weigh in favor of approval of the Settlement Agreement. Order at 9-18 (analyzing the Settlement Agreement in light of each of the *Grinnell* factors and Rule 23(e)(2)).

The subsequent notice and claims process has resulted in an outcome which further supports final approval of the Settlement Agreement. Specifically, the total amount of payments to Participating Class Members ($435,280.11), not including service awards, equals 74.36% of all wages owed to the *entire* settlement Class ($585,303.10) as calculated by Plaintiffs' Counsel, including those individuals who never opted-in, submitted a claim form or received "Active Plaintiff" status and therefore will receive no payment. This data demonstrates that the Participating Class Members constitute the vast majority of employees from the Claim Period to whom relatively significant damages are owed. In other words, Plaintiffs were successful in obtaining compensation for a preponderance of Defendant's current and former employees who they allege suffered the greatest amounts of wage theft. All Participating Class Members will receive at least 100% of their owed wages as calculated by Plaintiffs' Counsel. This recovery is especially significant for Participating Class Members who will receive a payment less than $100 because they would otherwise likely never have recouped anything given the impracticality of pursuing individual claims of such magnitude.

In addition, no objections to the Settlement have been received and only one request for exclusion has been received. This strong reception from the class further supports final approval.

9

*See, e.g., In re Warner Chilcott Ltd. Sec. Litig.*, No. 06-cv-11515, 2009 WL 2025160, at *2 (S.D.N.Y. July 10, 2009) (no class member objections since preliminary approval supported final approval).

### III. The Court Should Also Approve Settlement of the Opt-in Plaintiffs' FLSA Claims

In addition to settling the Rule 23 state law claims, the settlement in this case would resolve the claims of the 112 individuals who opted into this action to pursue FLSA claims. Pursuant to the Settlement Agreement, the individuals who opted into this action will receive – in addition to the amounts received as class members – an amount from the funds remaining after the initial allocation weighted at 1.5 times their regular pro rata amount.

In the Opinion & Order granting preliminary approval, the Court analyzed the FLSA settlement under the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332 (S.D.N.Y. 2012), stating

> The Court has analyzed the range of possible recovery, the avoidance of burdens and expenses, and the seriousness of litigation risks in its *Grinnell* analysis, *see supra* Sections III(A)-(B), and thus, the Court will not address those factors again here. The Court has no reason to doubt that the terms of the Agreement were negotiated at arm's length by experienced counsel. In addition, there is no evidence of collusion between the parties. Accordingly, the Court concludes that, considering the totality of the circumstances, the Court is likely to find that the Agreement is fair and reasonable under the *Wolinsky* factors.

Order at 19.

The release of FLSA claims is proper when it reflects a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Here, the pro rata distribution coupled with the FLSA 1.5 times multiplier for distribution of Defendants' additional payment amount constitute a fair, objectively reasonable, and proper attempt to equitably distribute the proposed settlement. *Cancilla v. Ecolab, Inc.*, 2015 U.S. Dist. LEXIS 106249, at *5 (N.D. Cal. Aug. 12, 2015)

(granting motion for preliminary approval of class-wide wage and hour settlement including modified pro rata distribution formula with a 1.5 multiplier for FLSA opt-in Plaintiffs).

In sum, for all of the reasons set forth in the Court's preliminary approval of the Rule 23 Settlement and the FLSA settlement, Court should grant final approval of the FLSA settlement here.

## Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion for Final Approval of Class Settlement and FLSA collective, and finally certify the Rule 23 Settlement Class and FLSA collective.

Date:  New York, NY
       November 4, 2025

                                              Respectfully Submitted,

Patricia Kakalec
Kakalec Law PLLC
80 Broad Street, Suite 703
New York, NY 10004
(212) 705-8730
Patricia@KakalecLaw.com

Law Office of Robert D. McCreanor, PLLC
245 Saw Mill River Road, Suite 106
Hawthorne, NY 10532
(845) 202-1833
rmccreanor@rdmclegal.com

*Counsel for Plaintiffs and the Class*

11