UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NOEMY JACKSON, ROBERTO PEREZ, and
RAYMUNDO GALLARDO, on behalf of themselves           **ORDER AND JUDGMENT**
and all other similarly situated individuals,

                      Plaintiffs,                                              22 Civ. 3120 (NSR)(JCM)

    -against-

AMPAC PAPER, LLC,

                      Defendant.

-------------------------------------------------------------------X

       This matter having come before the Court upon the unopposed motion of Plaintiffs Noemy Jackson, Roberto Perez and Raymundo Gallardo ("Named Plaintiffs"), on behalf of themselves and all other similarly situated individuals (collectively, "Settlement Class"), for final class and collective certification and for final approval of class and collective action settlement ("Motion for Final Approval"), (Docket No. 136), and Plaintiffs' unopposed motion for an award of attorney's fees, costs, service awards, and settlement administration costs ("Motion for Attorney's Fees"), (Docket No. 140)[1]; and

       The Court having considered all the proceedings heretofore had in this litigation, as well as the Opinion & Order preliminarily approving the settlement and related relief, (Docket No. 132), the Order for Preliminary Approval of Class Action Settlement and Related Relief ("Preliminary Approval Order"), (Docket No. 133), the Settlement Agreement, (Docket No. 138-1), the Motion for Final Approval, (Docket No. 136), the Motion for Attorney's Fees, (Docket

---

[1] These motions are before the Court for entry of a final order on the consent of the parties, pursuant to 28 U.S.C. § 636(c). (Docket No. 148).

No. 140), and all supporting exhibits and declarations thereto; the Court makes the following Findings of Fact and Conclusions of Law:

1. On April 15, 2022, the Named Plaintiffs filed a Collective and Class Action Complaint against Defendant Ampac Paper, LLC,[2] alleging violations of the New York Labor Law, §§ 190, *et seq.* and 650, *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Docket Nos. 1, 51-1).

2. Following substantial discovery, motion practice and two mediation sessions, the parties settled the matter. The resulting Settlement Agreement was preliminarily approved by the Court on August 14, 2025. (Docket No. 133).

3. As part of the Preliminary Approval Order, the Court conditionally certified the following Settlement Class: all individuals who were employed by Ampac Paper, LLC ("ProAmpac") at any point as non-exempt, hourly converting department employees at its manufacturing facility located in Walden, New York from April 15, 2016 through July 31, 2024. (Docket No. 133).

4. Also as part of the Preliminary Approval Order, the Court approved sending notice of the proposed Settlement Agreement to the Settlement Class by direct mail, as well as through e-mail, text message, and publishing it on a website. (Docket Nos. 133 ¶ 2, 128-1 § 2.4(B)).

5. The notice provided the Settlement Class an opportunity to file objections to the Settlement Agreement and an opportunity to be included or excluded from the

---

[2] The Complaint initially named as Defendants Ampac Paper LLC, ProAmpac LLC a.k.a. ProAmpac, and Ampac Holdco Inc. a.k.a. ProAmpac, LLC. Plaintiffs subsequently moved to dismiss the claims with prejudice against all Defendants, except Ampac Paper, LLC, which the Court granted on August 13, 2025. (Docket No. 132).

settlement. (Docket No. 128-1 at 30). No objections were filed, and only one class member opted out of the Settlement Agreement. (Docket No. 138-2 ¶¶ 18-19).

6. The Court conducted a final Fairness Hearing on November 14, 2025, at which time the parties and other interested persons were given the opportunity to be heard in support of, and in opposition to, the proposed Settlement Agreement. Counsel appeared on behalf of Plaintiffs and Defendant. No objectors or other interested parties appeared at the final Fairness Hearing.

7. The procedures for notifying the Settlement Class, (*see* Docket No. 138-2 ¶¶ 8-16), were reasonably calculated to notify the members of the Settlement Class about the pendency of this action, the terms of the Settlement Agreement, the right to appear at the Fairness Hearing, and constituted due, adequate and sufficient notice to all persons entitled to receive notice. In addition, the procedures constituted the best notice practicable under the circumstances, and satisfied all necessary requirements of due process, the Federal Rules of Civil Procedure, and all applicable state and/or federal laws.

8. All members of the Settlement Class are bound by the Settlement Agreement, the releases contained within the Settlement Agreement and the final Order and Judgment. (*See* Docket No. 138-1 § 2.5(C)).

9. The requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied, and the Court grants final certification of the preliminarily certified Settlement Class.

10. The requirements of 29 U.S.C. § 216(b) have been satisfied, and the Court grants final certification of the conditionally certified FLSA Collective.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b), the Court finds that: (a) the Settlement Agreement is, in all respects, fair, reasonable and adequate, and all members of the Settlement Class are treated equitably relative to each other; (b) there was no collusion in connection with the Settlement Agreement; (c) the Settlement Agreement was the product of informed, arm's-length negotiations among competent, able counsel; (d) the Named Plaintiffs adequately represented the class; (e) the record is sufficiently developed and complete to have enabled the parties to have adequately evaluated and considered their positions; and (f) the relief provided to the Settlement Class is adequate and takes into consideration, the costs, risks and delay of trial and appeal.

12. Service awards in the amount of $10,000 to each of the three (3) Named Plaintiffs, as well as $3,000 to each of the seven (7) Opt-In Plaintiffs who were deposed in this matter, are reasonable and are approved.

13. The requested attorney's fees and costs are reasonable under the circumstances and are approved.

14. Payment in an amount not to exceed $25,000 to the Settlement Administrator is reasonable and approved.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:**

15. The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class.

16. The Court grants final approval of the parties' settlement as set forth in the Settlement Agreement, and finds the terms of the settlement to be fair, reasonable, and adequate

under Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement; the amount of distributions to class members; and the maximum amounts allocated as service awards, costs, settlement administration fees, and attorney's fees.

17. The Court finally certifies for settlement purposes the Settlement Class described in the Settlement Agreement, comprised of all individuals who were employed by Ampac Paper, LLC ("ProAmpac") at any point as non-exempt, hourly converting department employees at its manufacturing facility located in Walden, New York from April 15, 2016 through July 31, 2024. (Docket No. 138-1 § 1.27).

18. Class counsel's application for attorney's fees and costs is granted. Class counsel shall receive attorney's fees in the amount of $393,333 and costs in the amount of $20,000 out of the total settlement in this case.

19. Service awards totaling $51,000 shall be paid out of the total settlement in this case. The service awards shall be in the amount of $10,000 to each of the three (3) Named Plaintiffs and $3,000 to each of the seven (7) Opt-In Plaintiffs who were deposed in this matter.

20. The Court authorizes the Settlement Administrator to make these payments as set forth in the parties' Settlement Agreement.

21. The Court also authorizes the payment of the Settlement Administrator's costs and fees out of the total settlement in this case, in an amount not to exceed $25,000.

22. All members of the Settlement Class shall be bound by all of the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in this matter concerning the settlement.

23. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the action or of any liability, fault or wrongdoing of any kind.

This action is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the action to interpret and enforce the terms, conditions and obligations of the Settlement Agreement.

The Clerk of Court is respectfully requested to terminate the pending Motions (Docket Nos. 136 and 140), and to close the case.

Dated:   November 18, 2025
         White Plains, New York

                              **SO ORDERED:**

                              _____
                              JUDITH C. McCARTHY
                              United States Magistrate Judge